IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUKE J. SICKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-250-E |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 16th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income ("SSI") under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to include all of his functional limitations in formulating his residual functional capacity ("RFC") and by creating confusion by referencing Specific Vocational Preparation ("SVP") levels set forth in the

Dictionary of Occupational Titles ("DOT") in defining the term "simple." The Court finds no merit to these arguments and instead finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Plaintiff first argues that substantial evidence cannot support an ALJ's decision where the ALJ has rejected all of the medical opinions in the record, *i.e.*, that an ALJ's findings must be based specifically on the opinion of some medical provider. While Plaintiff is not the only one to point to vague language from old Third Circuit decisions to try to make this point, this Court – and several other courts – have explained many times that this does not accurately reflect the law. Both the case law and the regulations make it clear that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 416.920b(c)(3), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

Of course, that is not what happened in this case anyway. The ALJ found the prior administrative findings of the state agency psychological consultants, Douglas P. Schiller, Ph.D. (R. 59-63), and Phyllis Brentzel, Psy.D. (R. 75-77), to be persuasive, and the RFC that he formulated clearly relied on those opinions. (R. 18). Plaintiff argues, nonetheless, that by failing to incorporate every limitation contained in what he found to be persuasive opinions, the ALJ failed to adequately incorporate those opinions into the RFC findings. However, "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight,'" and an ALJ is not required to adopt all of a treating source's opinion solely because he or she found the opinion as a whole persuasive, as it is not a court's role to "re-weigh the evidence of record and substitute [our] judgment as to whether [the claimant] is disabled under the Act for that of the ALJ"). *Wilkinson v. Commissioner Social Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citations omitted). Therefore, it was not necessary for the ALJ to include every restriction contained in the state psychological consultants' assessments merely because he found those opinions as a whole to be persuasive.

Plaintiff argues further, though, that even if the ALJ was permitted to reject parts of these persuasive opinions, he had to explain why he left certain restrictions in the state psychological consultants' opinions out of the RFC, especially those regarding his limitations in maintaining attention and concentration, performing within a schedule with customary attendance and punctuality, completing a normal work week, responding appropriately to work setting changes, and setting goals independently. Plaintiff asserts that the state psychological consultants found Plaintiff to be moderately limited in all of these areas but that the RFC omitted any language to

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED as set forth herein.

s/Alan N. Bloch<br>
United States District Judge

ecf:   Counsel of record

---

this effect. However, as the Third Circuit has explained, "no incantations are required at steps four and five" to account for an opinion or finding of moderate limitations. *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019). Indeed, Section I of the Mental Residual Functional Capacity Assessment – which contained the observations of moderate limitations at issue here – is merely a worksheet designed to help formulate the RFC and is not itself an RFC assessment. *See Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 636 (3d Cir. 2010). It was therefore not necessary to parrot the findings of the state psychological consultants in Section I regarding moderate limitations verbatim into the RFC.

What *did* need to happen is that the RFC had to fairly account for the findings in the state psychological consultants' opinions that he found to be persuasive. *See Hess*, 931 F.3d at 209 (holding that the RFC "does need to reflect the claimant's particular impairments, including those embodied in the functional limitation findings"). This did happen here. The restrictions contained in the RFC fairly accounted for Plaintiff's moderate limitations in concentrating, maintaining pace, etc., by limiting Plaintiff to work outside of a production-rate environment and that required only simple tasks, decisions, and instructions. Therefore, the RFC, despite Plaintiff's contentions to the contrary, was consistent with the state psychological consultants' opinions.

Plaintiff's final argument is that the ALJ's attempt to define the term "simple" by referencing SVP levels contained in the DOT rendered the record unclear and vague as to what exactly he meant. He further implies that merely the mention of SVP levels in an RFC finding is inappropriate. The ALJ found here that "the claimant is limited to jobs involving only simple tasks, decisions, and instructions that are not performed in a production-rate environment, where 'simple' is defined as that term is used in the [DOT] describing [SVP] levels of 1 or 2." (R. 17). Plaintiff asserts that the ALJ's reference to SVP levels is confusing, as the term "simple" is neither defined nor used in the DOT's language explaining SVP levels. However, no such confusion was raised at the administrative hearing, and the vocational expert clearly understood the ALJ's language as referring to simple jobs such as those falling within SVP levels 1 and 2 – jobs requiring minimal preparation or demonstration to perform. (R. 41-42). The Court likewise has no difficulty discerning the ALJ's attempt to clarify what he meant in using the term "simple." The Court further notes that mere reference to SVP levels in defining a claimant's RFC is by no means inherently erroneous.

Accordingly, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports his decision. It will therefore affirm.